NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CATHERINE BOLLINGER, PETITIONER, v. WAGARAW
BUILDING SUPPLY CO., RESPONDENT.

Decided July 31, 1939.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *Kalisch & Kalisch.*

\*        \*        \*        \*        \*        \*        \*

The petition herein was filed on July 1st, 1938, answer thereto was filed July 22d, 1938, and an amended answer was filed September 14th, 1938. The petition alleged that decedent's death resulted from an accident, the death occurring June 3d, 1938.

Respondent, in its answer and amended answer set up the defense of *res judicata,* that the Workmen's Compensation Bureau has no jurisdiction to entertain the petition, and that the petition was not filed within the time prescribed by the Workmen's Compensation act. The answer further reserved the right to move to dismiss the petition upon the ground that the same was not filed within the time prescribed by law.

On May 31st, 1939, notice of formal hearing was given by me to the attorneys for the respective parties setting the

case for hearing on June 19th, 1939. On June 2d, 1939, the matter was adjourned to June 26th, 1939. On June 8th, 1939, the matter was adjourned to July 3d, 1939, and on June 13th, 1939, the case was advanced and the parties notified to be prepared to dispose of the same on June 23d, 1939.

The matter came on for hearing before me at Jersey City, New Jersey, on June 23d, 1939, at which time respondent offered in evidence a letter dated June 15th, 1939, addressed to Nathan Rabinowitz, attorney for petitioner, by the terms of which the respondent admitted the dependency of the petitioner and the four children as alleged in the petition, and further stated in said letter that the wage rate was $22 per week, and that compensation would be paid to the widow and children for such period of time as the statute provides. It was further stated in said letter that respondent will pay for any other charges against it to which the petitioner is entitled pursuant to the Workmen's Compensation act. No offer to pay compensation was made by respondent prior to June 15th, 1939.

At the hearing before me in the presence of counsel for the respective parties, testimony was taken of the witnesses, Catherine Bollinger, the petitioner, and Stuart Inglis, a witness for the respondent, from all of which it appears that petitioner was employed by respondent as an operator of a machine for the manufacture of sand blocks and as a watchman and caretaker of the plant where he was so employed, that in connection with his work, he earned fifty cents per hour, working eight hours per day for five and one-half days each week, earning a total of $22 per week as sand block worker. In addition thereto, he earned the further sum of $4 per week in connection with his employment as caretaker, watchman, cleaning the office and other parts of the building where he was employed during the day, taking care of the steam boiler at said plant and steaming cement blocks manufactured at respondent's place.

In addition to the foregoing, the respondent, as part of the wages paid to deceased, provided him with a house which was situated on the premises owned by respondent consisting of five rooms, electricity, water, and improvements. Respondent

further, as part of his wages, provided deceased with electricity, coal, and water used in the maintenance of the said house.

The sole question to be determined at this hearing was the wage of decedent. Where one serves in a dual capacity under one contract of hire, his earnings for purposes of compensation is the amount received for work in both capacities, not merely that received for the work during the performance of which he was injured. Where the employe serves his employer in two capacities, one insurable and the other not, but the latter being incidental for the former, his compensation is to be based on his total average wage as against the contention that what his wage was in the insurable occupation did not appear.

After due consideration, I find that the reasonable value of the said premises and fuel, &c., as aforesaid, so furnished by respondent to deceased, was $40 per month or $480 per year, or the sum of $9.23 per week. The aggregate wages, therefore, earned by deceased was $35.23 per week.

\*        \*        \*        \*        \*        \*        \*

It is therefore on this 31st day of July, 1939, ordered that judgment be entered in favor of the petitioner and against the respondent.

\*        \*        \*        \*        \*        \*        \*

JOHN C. WEGNER,
*Deputy Commissioner.*